1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Corporation
2  Helen R. Frazer                State Bar No. 92627
   12800 Center Court Drive, Suite 300
3  Cerritos, CA 90703-9364
   Telephone: (562) 653-3200 • (714) 826-5480
4  Facsimile: (562) 653-3333

5  Attorneys for Defendant
   DAVIS JOINT UNIFIED SCHOOL DISTRICT

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| In re: | CASE NO. 2:11-bk-21515 RN |
|---|---|
| ZANGLE, INC. | CHAPTER 11 |
| Debtor. | ADV NO. 2:11-ap-02068 RN |
| ZANGLE, INC. | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** |
| Plaintiff, | HRG DATE: JULY 21, 2011 |
| v. | TIME: 9:00 AM |
| DAVIS JOINT UNIFIED SCHOOL DISTRICT | CTRM: 1645 |
| Defendant. | |

TO THE HONORABLE RICHARD NEITER, U.S. BANKRUPTCY JUDGE; DEFENDANT/CROSS-COMPLAINANT AND PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on JULY 21, 2011 at the hour of 9:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 1645 of the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California, 90012, Defendant, Davis Joint Unified School District ("Davis") in the above-captioned matter will move this court to dismiss the - Complaint without leave to amend.

The Motion is based on this Notice, the attached Memorandum of Points and Authorities

1 and the Request for Judicial Notice of pleadings filed in this Bankruptcy Case.

2 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in
3 writing and filed with the Clerk of the United States Bankruptcy Court at 255 E. Temple Street,
4 9th Floor, Los Angeles California 90012, and served upon counsel to Davis, Helen Ryan Frazer,
5 Atkinson, Andelson, Loya, Ruud & Romo, 12800 Center Drive, Suite 300, Cerritos, California
6 90703, no later than 14 days prior to the date set for hearing on said Motion. Objections not filed
7 and served in accordance with this Notice shall be deemed waived.

9 DATED: May 31, 2011

10 ATKINSON, ANDELSON, LOYA, RUUD & ROMO

12 By: _____
13 Helen R. Frazer
Attorney for Defendant

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703-9364
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

005600.00079/1850144v

-2-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

As acknowledged in its status report filed with the court, Plaintiff, Zangle, Inc. was formed in mid-February of this year. Less than a month later it filed its Chapter 11 petition. Although Plaintiff purports to own intellectual property rights related to the Zangle Student Information System (the "ZSIS Software"), this claim is disputed by Lynn Schoenmann, the Trustee of the bankruptcy case filed by Paul Charlton, the Plaintiff's Chief Technology Officer. On March 17, 2011, the Court granted Schoenmann's Motion for Relief from the Automatic Stay to allow her to proceed to foreclose on her security interest in the ZSIS Software.

The Debtor/Plaintiff further acknowledges in the operating reports filed with this court, that it has minimal funds on hand and no ongoing income. In order to generate revenue, the Debtor has filed frivolous complaints against school districts which have used the ZSIS software for turnover of property of the estate, copyright infringement, trademark infringement, and due process taking.

For a number of reasons, the complaint fails to state any valid cause of action against Defendant.

## II.

## THE COMPLAINT FAILS TO STATE ANY CLAIM ON WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure 12(b) made applicable to Bankruptcy cases by Federal Rule of Bankruptcy Procedure 7012(b) provides in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion; . . . (6) failure to state a claim upon which relief can be granted.

In ruling on a motion to dismiss, the court should grant the motion if it appears beyond

doubt that plaintiff can prove no set of facts which would entitle it to relief against defendants. *Baker v. McNeil Island Correction Center* 859 F.2d 124, 127 (9th Cir. 1988); *In re Aluminum Mills Corp. (Bkrtcy. N.D. Ill. 1991) 132 B.R. 869;In re Cole Associates, Inc.* (Bkrtcy. Utah 1980) 7 B.R. 154; *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.* 583 F.2d 426, 429 (9th Cir. 1978). In evaluating a motion to dismiss, the court must look at all of the allegations in the light most favorable to plaintiff. *In re Mercon Industries, Inc.* (Bkrtcy. Pa. 1984) 37 B.R. 549; *Inner City Leasing and Trucking Co., Inc. v. City of Gary, Ind.* (N.D.Ind. 1990) 759 F.Supp. 461. The issue is not whether the claimant will ultimately prevail but whether the claimant has pled a theory of a cause of action which is sufficient to entitle him to offer evidence in support of his claim. *In re Fonneman* (Bkrtcy. N.D. Ill. 1991) 128 B.R. 214. The existence of conclusory allegations and unwarranted inferences in a complaint are insufficient to defeat a motion to dismiss. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1139 (9th Cir. 1996).

In determining whether to grant a motion to dismiss, a court may take into account the facts contained in the pleadings <u>as well as</u> matters of which the judge may take judicial notice. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015 (5th Cir. 1996); *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d cir. 1991). Matters of which a court may take judicial notice include court records and proceedings in other federal cases. *Schweitzer v. Scott* 469 F.Supp.1017 (1979, CD Cal); *Spectravest, Inc. v. Mervyn's, Inc* 673 F.Supp. 1486 (N.D. Cal 1987).

In this case, Plaintiff has not pled or established the requisite foundational facts to allow him to prosecute his alleged claim against Snowline.

### A. <u>PLAINTIFF FAILED TO EXHAUST ITS ADMINISTRATIVE REMEDIES AND THEREFORE THE COURT IS WITHOUT JURISDICTION.</u>

Davis Joint Unified School District is a California public entity. Under Government Code section 945.4 no suit for money or damages may be brought against a public entity unless a claim

1  has first been presented to the entity and acted upon by the governing board. Both tort and
2  contract claims are considered claims for "money or damages", <u>Loehr v. Ventura County</u>
3  <u>Community College District</u> (1983) 147 Cal.App.3d 1071, 1079, and must, therefore, be filed
4  with the public entity before commencing suit. No such claim has been alleged in this case, nor
5  was any such claim made by the Plaintiff as against Davis.
6      Further, the time period for filing any such governmental claim has expired. A claim
7  relating to a cause of action for death or for injury to person or to personal property shall be
8  presented no later than six months after the accrual of the cause of action. (Gov't Code § 911.2.)
9  For all other causes of action, the claim must be presented no later than one year after the accrual
10 of the cause of action. (Id.) Arguably each of the claims asserted are contract based. For
11 purposes of computing the time limits prescribed by sections 911.2, 911.4, 912 and 945.6, the
12 date of the accrual of a cause of action to which a claim relates is the date upon which the cause
13 of action would be deemed to have accrued within the meaning of the statute of limitations which
14 would have been applicable thereto. (Gov't Code § 901.)
15     Here, the cause of action could only accrue as of the first date that there was any alleged
16 breach of the software license agreement. A cause of action for equitable indemnity arising out of
17 a governmental entity's tortuous activity does not accrue for limitations purposes until the initial
18 defendant suffered an actual loss through payment. <u>Dept. of Transp. v. Sup. Ct.</u> (1980) 26 Cal.3d
19 744.
20     The failure to exhaust the administrative requirement of filing a Governmental Tort
21 Claim deprives the court of jurisdiction to hear the claim. (Gov't Code § 945; *see also Nguyen v.*
22 *Los Angeles County Harbor / UCLA Medical Center* (1992) 8 Cal.App.4th 729, rehearing denied,
23 modified, review denied.) Therefore, the court, as a matter of law is without jurisdiction over the
24 claims asserted by Zangle, Inc.
25     In the Complaint, Zangle, Inc., alleges that effective July 1, 2010 Davis elected to cease
26 payment for its former license to ZSIS. (Complaint, ¶ 10.) Consequently, Zangle was required
27 to file a governmental tort claim with the public entity on or before January 1, 2011. Thus, they
28 have failed to timely file a Government Tort Claim for the contract based causes of action and as

005600.00079/1850144v

-5-

a matter of law, they cannot timely do so. Therefore, amendment of the complaint cannot cure this defect. Leave to amend should be denied on that basis.

Based on the foregoing dismissal of this lawsuit is required by law.

**B.    THE DEBTOR LACKS STANDING TO PROSECUTE THIS LAWSUIT BASED ON THE ALLEGATIONS CONTAINED IN THE COMPLAINT.**

The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state. See *College Savs. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 144 L. Ed. 2d 605, 119 S. Ct. 2219, 2223 (1999).

This requirement is jurisdictional. *Key Mechanical Inc. v BDC 56 LLC (In re BDC 56 LLC)* (2003, CA2 NY) 330 F3d 111.

**C.    PLAINTIFF HAS FAILED TO STATE ANY CLAIM SUFFICIENT TO ESTABLISH A TAKING OR FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT.**

Pursuant to Government Code §815, the fifth cause of action for "due process (taking)" and the third cause of action for contributory copyright infringement cause of action lacks any statutory basis, thus, these causes of action cannot be asserted against this Defendants as a matter of law because the allegations fail to assert any statutory basis for the claims.

**D.    DAVIS IS ENTITLED TO STATUTORY IMMUNITY.**

Government Code section 815(a) states, in pertinent part, that "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a

public employee or any other person." Davis is a public entity as defined in Government Code section 811.2.

In <u>Cochran v. Herzog Engraving Co.</u> (1984) 155 Cal.App.3d 405, 201 Cal.Rptr. 159 the court stated that:

> Government Code section 815, enacted in 1963, abolishes all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal or state Constitution. Thus, in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable.

(<u>Cochran v. Herzog Engraving Co.</u>, *supra*, at 409 (original italics, fns. omitted).

If a plaintiff seeks to state a cause of action against a public entity, it must plead every fact material to the existence of the entity's statutory liability with particularity. <u>Gates v. Superior Court</u> (1985) 40 Cal. 3d 780, 795, 221 Cal. Rptr. 840. Here, Plaintiff offers neither facts nor authority for the proposition that this claim presents an exception to the immunity doctrine.

### E. PLAINTIFF HAS NO ENFORCEABLE RIGHT TO COLLECT LICENSE FEES FROM DEFENDANT FOR THE ZSIS SOFTWARE.

Defendant requests the Court to take judicial notice of the Motion for Relief from Stay filed by Lynn Schoenmann (the "Charlton Trustee"), the Trustee of the bankruptcy case filed by Paul Charlton, the Plaintiff's Chief Technology Officer. Said motion contains evidence establishing that the Charlton Trustee has a valid perfected security interest in the ZSIS Software which would necessarily include the rights to collect any revenues generated from the licensing of the software. Accordingly, Plaintiff cannot assert any valid claim against Defendant arising out of an allegation based on failure to pay license fees for the ZSIS Software.

### III.
### CONCLUSION

For the foregoing reasons, Davis submits that Plaintiff has not and cannot plead any claim

1 | which would entitle the Debtor to damages or license fees related to the ZSIS Software. Accordingly, the complaint should be dismissed without leave to amend.

DATED: May 31, 2011

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: _____
Helen R. Frazer,
Attorney for Defendant
DAVIS JOINT UNIFIED SCHOOL DISTRICT

| In re:<br>ZANGLE, INC.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:11-ap-02068 RN |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
12800 CENTER COURT DRIVE, SUITE 300, CERRITOS, CA 90703

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 31, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Office of the US Trustee     ustp.Region16.la.ecf@usdoj.gov
Jeffrey B. Neustadt          jbneustadtlaw@sbcglobal.net

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL**
On May 31, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| Zangle, Inc.<br>23440 Civic Center Drive, Ste 205<br>Malibu, CA 90265 | Hon Richard Neiter<br>US Bankruptcy Court<br>255 E. Temple Street<br>Los Angeles, CA 90012 |
|---|---|

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 31, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

May 31, 2011          Helen R. Frazer          _[signature]_
Date                  Type Name                Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                            F 9013-3.1